**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| MELVIN ANDERSON, | * | |
| Petitioner, | * | |
| VS. | * | CASE NO. 87-CR-1649 (CDL) |
| | | Rule 60(b) Motion |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

**REPORT AND RECOMMENDATION**

     Petitioner Anderson filed his present "Motion to Set Aside Judgement for Fraud on the Court" pursuant to Rule 60(b) of the Federal Rules of Criminal Procedure on July 18, 2005. This belated pleading moves this court for relief from the Judgment entered on March 24, 1988, after Petitioner's guilty plea to Second Degree Murder. This Motion will be considered as a Motion to Vacate, Set Aside, or Correct Petitioner's sentence pursuant to 28 U.S.C. § 2255, and is before this court for preliminary consideration under Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts.

> "The general rule is well established, that collateral attack upon a sentence must be brought through § 2255 in the federal district court that sentenced petitioner. *Birdsell v. Alabama,* 834 F.2d 920, 922 (11th 1987). The only exception to this general rule allows a petitioner to file such an attack in the district of incarceration, pursuant to § 2241, if the petitioner can show that the remedy provided for under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; *McGee v. Hanberrry,* 604 F.2d 9, 10 (5th Cir. 1979). . . . In *Wofford v. Scott,* 177 F.3d 1236 (11th Cir. 1999), we discussed the 'inadequate and ineffective' language, the legislative history of the legislation and the opinions of our

> sister states. We held that this language does not allow a petitioner to escape the restrictions on second or successive § 2255 motions. . . . The mere fact that such a petition is procedurally barred by § 2255's statute of limitations or restriction on second or successive motions does not make it inadequate or ineffective." *Peddie v. Hobbs,* 196 F.3d 1249 (11th Cir. 1999).

The Eleventh Circuit Court of Appeals held in *United States v. Jordan*, 915 F.2d 622, 627 (11th Cir. 1990):

> The enactment of the Sentencing Reform Act of 1984 undeniably created a fundamental change in the manner in which sentences are imposed and reviewed in the federal courts. . . . To ensure that the guidelines system operated in a manner that would provide some level of consistency in the imposition of sentences for similar individuals committing like offenses, Congress enacted a provision, 18 U.S.C. § 3742, which affords both the defendant and the federal government the opportunity to present certain challenges on direct appeal concerning the guidelines sentence imposed by the district court. In conjunction with this provision, Congress also altered the provisions of Fed.R.Crim.P. 35 and removed the district court's authority under Rule 35 to correct any illegal sentence that might have been imposed.

The *Jordan* Court also held that mislabeling his petition is not fatal to a defendant's otherwise cognizable claims. "Federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a *pro se* inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework. (citations omitted) In particular, federal courts have recognized that claims presented under the previous version of Rule 35(a) are also frequently cognizable under 28 U.S.C. § 2255 as well." *Id.,* at 624, 25. As in *Jordan*, this court does not err in re-characterizing Petitioner's

motions as a Section 2255 Motion To Vacate Sentence.

**Procedural History**

A grand jury indicted Petitioner Anderson for the offense of Murder on October 15, 1987.[1]  He was arraigned in this court on December 21, 1987, at which time he pled not guilty to the charge. (R-1).  On March 1, 1988, in conjunction with Petitioner's decision to enter a plea of guilty to the lesser offense of 2nd Degree Murder, the United States Attorney drafted and filed a Superseding Information charging Petitioner Anderson with 2nd Degree Murder. (R-2).  On March 24, 1988, Petitioner entered his plea of guilty to that Superseding Information, and the court ordered the dismissal of the original Indictment and sentenced Petitioner to life imprisonment. (R-5).

On March 2, 1989, Petitioner filed a Motion To Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (R-14).  That first Section 2255 motion was denied on June 8, 1989. (R-19).  Petitioner appealed the district court's decision to the Eleventh Circuit Court of Appeals. (R-20).  After a remand to District Court and a hearing in said court, The Court of Appeals ultimately affirmed the district court's decision on January 30, 1991 and denied any relief to Petitioner. (R-33).

On January 8, 1992, Petitioner filed a second Section 2255 Motion To Vacate Judgment and Sentence For Want of Jurisdiction. (R-39).  After full consideration as

---

[1] Petitioner appears to believe that said indictment is faulty because it was not signed and dated by the Grand Jury Foreman.  Although the copy Petitioner received may not have included such information, the original indictment located in the record was signed and dated by the Grand Jury Foreman. (R-1).  Furthermore, the Indictment in this case is irrelevant as Petitioner pled to an Information and waived his right to Indictment on March 1, 1998. (R-2, 3).

directed by the Eleventh Circuit Court of Appeals Petitioner's second motion to vacate his sentence was denied. (R-55). Petitioner again appealed the district court's decision (R-56), and the Court of Appeals again affirmed the district court's judgment. (R-60).

Petitioner then filed a Privacy Act Complaint seeking the vacation of his conviction and sentence of March 24, 1988 (R-61), which complaint was properly re-characterized as a third Motion To Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, considered and denied on September 3, 1996. (R-68). Petitioner again appealed the district court's decision. (R-71). While this appeal was pending, Petitioner filed his fourth Section 2255 "Motion To Vacate Judgment and Sentence." (R-72). On June 28, 1999, the Eleventh Circuit Court of Appeals affirmed the district court's judgment. (R-85).

Petitioner filed his fifth Motion To Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 under the caption, "Motion to Vacate and Dismiss Criminal Information and Vacate Judgment and Sentence for Want of Subject Matter Jurisdiction. (R-86). The district court adopted a Report and Recommendation and denied Petitioner's fifth Motion. (R-93). Again, Petitioner filed a Notice of Appeal of the district court's decision, and the Court of Appeals forthwith Dismissed the appeal. (R-104).

On November 17, 2000, while his appeal was pending, Petitioner filed a Rule 60(b) motion in District Court. This motion raised the same issues of jurisdiction that had previously been raised and answering in both the District Court and the Eleventh Circuit Court of Appeals. (R-100). After receiving the judgment of the Court of Appeals, the District Court denied all of Petitioner's pending motions as moot on April 30, 2001. (R-106).

4

Petitioner filed a Motion for Reconsideration which was denied by the District Court on May 16, 2001. (R-108). Thereafter, Petitioner filed a Motion to Vacate the Court Order and such was denied on July 2, 2001, by the District Court. (R-110). On August 23, 2001, the District Court denied Petitioner's Motion to proceed IFP on his appeal before the Eleventh Circuit. (R-113). The District Court also denied Petitioner's Motion for Reconsideration of the denial of IFP. (R-114-115). An appeal was taken and was denied as frivolous by the Eleventh Circuit Court of Appeals. (R-116). Petitioner filed another appeal "from the District Court's denial of several motions of relief from the criminal conviction he previously challenged, unsuccessfully, in a second or successive motion to vacate sentence, filed pursuant to 28 U.S.C. §2255." (R-117). This appeal was also denied and the case closed. (R-117, 118).

On March 18, 2002, Petitioner applied directly to the Eleventh Circuit Court of Appeals "for review of the final Sentence imposed upon the Petitioner on March 24, 1988." (R-119). The Court of Appeals dismissed this action for lack of jurisdiction as an untimely appeal on June 5, 2002. (R-122). The Court of Appeals also denied Petitioner's Motion for Reconsideration from said dismissal. (R-123)

On August 15, 2002, Petitioner filed in this court "Rule 35(a) Motion for Correction of Illegal Sentence [R1. 124], and on September 9, 2002, he filed what he denominated as "Motion for Initial Consideration of Petitioner's Motion to Correct Illegal Sentence [R1. 125]. On September 27, 2002, Petitioner filed a Motion for Order (upon the U. S. Attorney) to Show Cause why Petitioner's Sentence should not be vacated. Those motions were joined

and re-characterized as another Section 2255 motion for preliminary review pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts. The Report and Recommendation filed by the Magistrate Court, found that Petitioner was time-barred under the Anti-Terrorism and Effective Death Penalty Act (AEDPA), was a successive petition, and was barred by the law of the case rule. (R-127). Said Recommendation was approved, adopted and made the Order of the District Court on October 31, 2002. (R-131). The District Court denied Petitioner's Motion for Reconsideration that followed. (R-132, 133). Petitioner filed several more motions before the District Court, all of which were denied, as were Petitioner's appeal to the Eleventh Circuit. (R-134-150).

On October 14, 2003, Petitioner filed a "Motion to Dismiss Untimely Filed Criminal Information for Want of Subject Matter Jurisdiction," which alleged the same jurisdictional issues previously addressed by both the District Court and The Court of Appeals. (R-151). Said motion was considered functionally equivalent to a successive habeas petition and dismissed by the District Court for lack of subject matter jurisdiction. (R-154). Petitioner filed a Motion to Amend or Alter the Judgment on the above and such was thereafter denied by the District Court on December 29, 2003. (R-155-156). Once again Petitioner appealed to the Eleventh Circuit Court of Appeals. The Court of Appeals addressed Petitioner's issues at length and denied his Petition for Writ of Mandamus. (R-157). Petitioner filed a Motion for Reconsideration which was also denied by The Court of Appeals on June 23, 2004. (R-158).

Thereafter Petitioner filed two motions regarding the Grand Jury Concurrence Forms, both of which were denied by the District Court. (R-162). Petitioner sought to Strike the Court Order denying Petitioner's motions as invalid, due to the electronic signature on the document. The District Court issued an Order denying the Motion to Strike on November 2, 2004. (R-165). Petitioner then gave the Court a seven month respite before filing the present motion.

## Present Motion

On July 18, 2005, Petitioner filed a Motion to Set Aside his March 24, 1988, judgment pursuant to Rule 60(b)(6) of the Federal Rules of Civil Procedure. (R-166). Petitioner also filed a affidavit in support of his motion. (R-167). Though couched as a motion to correct fraud upon the Court, the motion at issue once again addresses Petitioner's claims of lack of subject matter jurisdiction due to an alleged invalid and altered/amended indictment, an invalid information, and prosecutorial misconduct. (R-166). All of the aforementioned issues have been addressed repeatedly by both the District Court and the Eleventh Circuit Court of Appeals since 1989, and decided against the Petitioner; however, Petitioner continues to plague the District Court and the Court of Appeals with his frivolous motions.

## Discussion

**I. Petitioner's present motion is time-barred by the provisions of the AEDPA.**

The Anti-Terrorism and Effective Death Penalty Act (AEDPA) codified as part of 28 U.S.C. § 2255 became effective on April 24, 1996. The portion relevant to 28 U.S.C. § 2255 is as follows:

7

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of -
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner's 1988 conviction and sentence by this court preceded the effective date of the AEDPA.  The Eleventh Circuit addressed this statute of limitations as to all prisoners whose convictions had become final prior to the effective date of the AEDPA.  In *Wilcox v. Florida Department of Corrections,* 158 F. 3d 1209, 1211(1998), it was held that prisoners whose convictions became final before the AEDPA's effective date of April 24, 1996, must be given a reasonable time after the enactment of the one- year period of limitation to file their federal habeas actions, and "under those circumstances, a reasonable period is until April 23, 1997," one year from the date of enactment.

The one-year period of limitation provided by 28 U.S.C. § 2255 would have begun to run in Petitioner's case, therefore, on April 24, 1996 and would have expired upon the expiration of a total time of one (1) year with no collateral attack pending before this court or the Court of Appeals which would toll the running of the period.  A review of the

8

Procedural History of Petitioner's case above discloses that, disregarding any previously elapsed time, Petitioner allowed eleven months of his one year period of limitations to elapse between the Judgment of the Eleventh Circuit Court of Appeals entered on June 30, 1999 (R-85), and Petitioner's next Motion to Vacate under 28 U.S.C. § 2255 filed on May 30, 2000 (R-86). Petitioner allowed the remainder of his one-year period of limitations to expire between the Judgment of the Eleventh Circuit Court of Appeals on December 4, 2001, denying all of his pending motions as "frivolous" (R-117), and the Court of Appeals Judgment dismissing Petitioner's appeal as "frivolous" on February 4, 2002, until Petitioner's next filing of a Notice of Appeal on April 18, 2002 (R-119), which was dismissed for lack of jurisdiction as untimely by the Court of Appeals on June 13, 2002 (R-122). Extending Petitioner the benefit of the doubt as to whether his untimely Notice of Appeal of April 18, 2002, tolled the running of the statute of limitations, beyond any doubt, all of his time to initiate another collateral attack on his sentence had expired by more than two months by June 13, 2002. The filing of his fifth Motion to Vacate his Sentence on August 15, 2002 (R-124), was, therefore, barred by the AEDPA 1-year statute of limitations, as was his Rule 60(b)(6) motion, which in this instance is the functional equivalent of a Motion to Vacate under 28 U.S.C. §2255.

In *Justice v. United States,* 6 F. 3d 1474 (1993), the Eleventh Circuit Court of Appeals cited with approval the Supreme Court in *United States v. Ibarra,* 502 U. S. 1, note 2, 112 S. Ct. 4, 5 n. 2. (1991), "holding that when time bar is suspended because of equitable tolling and begins to run upon happening of subsequent events, the time remaining is calculated by

9

subtracting from the full limitations period whatever time ran before the clock was stopped." *Justice,* at 1478.

**II.  Petitioner's present motion to vacate his sentence is a successive petition and not cognizable in this court without direction of the Eleventh Circuit Court of Appeals.**

Aimed at curbing groundless litigation, the AEDPA imposes significant restrictions on the filing of second or successive petitions for habeas corpus relief.  The last paragraph of § 2255, as amended April 24, 1996, provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Petitioner's present motion, which is the functional equivalent of a Motion to Vacate under §2255 in this instance, does not comply with the requirements of 28 U.S.C. § 2255 as amended by the AEDPA, in regard to the requirement of certification from the 11th Circuit Court of Appeals, and this court has no statutory authority to consider Petitioner's successive motion.  "Federal prisoners seeking to file a second or successive motion to vacate, set aside, or correct a sentence must move the court of appeals for an order authorizing the district court to consider the second or successive motion." *In re Joshua,* 224 F.3d 1281 (11th Cir. 2000).

**III. Petitioner's present motion is barred by the law of the case rule.**

The issues raised herein were raised by Petitioner in various motions no fewer than forty-two times (42) prior to the filing of this motion[2]. The District Court has addressed these issues and responded, in some way, no fewer than twenty-five times[3] and The Court of Appeals has addressed these issues at least fourteen times[4]. This court should also take note that the exact issue Petitioner's proffers in his present petition was raised by his Motion to Vacate and Dismiss Criminal Information and Vacate Judgment and Sentence for Want of Subject-Matter Jurisdiction filed on May 30, 2000 (R-86), denied by Order of this court on July 24, 2000 (R-93), which was tacitly affirmed by the Eleventh Circuit Court of Appeals on April 4, 2001 by its denial of Petitioner's Certificate of Appealability (R-104). Additionally, the issue was addressed in his Rule 35 Motion (R-124), denied by Order of this Court on October 31, 2002 (R-131) as well as upon reconsideration (R-133), and dismissed by the Court of Appeals on February 12, 2003 (R-140). More Writs, Appeals and Motions followed, all of which addressed the same jurisdictional issues and all of which were denied by either the District Court or The Court of Appeals. (R-142-165).

The district court is not required to reconsider claims of error that were raised and

---

[2] (R-12, 13-16, 23, 39, 45-46, 55, 58, 59a, 61, 62, 69, 72, 73, 75, 76, 82-83, 86, 96, 100, 101, 102, 105, 107, 109, 112, 111, 114, 120, 124, 126, 132, 134, 137, 139, 142, 144, 146, 151, 155, 159, 160, 163)

[3] (R-19, 26, 55, 61, 68, 70, 78, 84, 93, 106, 108, 110, 115, 117, 131, 133, 136, 138, 143, 145, 149, 154, 157, 162, 165).

[4] (R-33, 40, 60, 81, 85, 104, 116, 118, 122, 141, 147, 148, 150, 158)

11

disposed of on direct appeal. *United States v. Rowan,* 633 F. 2d 1034, 1035 (11th Cir. 1981). "Once a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under § 2255." *United States v. Natelli,* 553 F. 2d 5, 7 (2d Cir. 1977). A rejected claim does not merit rehearing on a mere *re-characterization* of the prior claim, or on a different, but previously available, legal theory. *Cook v. Lockhart,* 878 F. 2d 220, 222 (8th Cir. 1989). *See also United States v. Nyhuis,* 211 F.3d 1340 (11th Cir. 2000).

WHEREFORE, IT IS HEREBY RECOMMENDED for all of the foregoing causes that Petitioner's Motion to Vacate his Sentence of March 24, 1988, be DENIED. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 6th day of September 2005.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

mZc