**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| MELVIN ANDERSON, | * | |
| Petitioner, | * | CASE NO. 4:06-CV-91(CDL) |
| | | 28 U.S.C. § 2255 |
| VS. | * | |
| UNITED STATES OF AMERICA, | * | CASE NO. 4:87-CR-1649(JRE) |
| Respondent | * | |

**REPORT AND RECOMMENDATION**

On August 7, 2006, Melvin Anderson filed a MOTION TO CORRECT ILLEGAL SENTENCE (R-187), in reference to his 1988 conviction and sentence for Murder in the Second Degree, upon which he has heretofore made enumerable collateral attacks.

**Procedural History**

An Indictment was returned on or about October 15, 1987, charging Petitioner Anderson with the premeditated and malice murder of Sandy McCall on September 25, 1987, at Fort Benning, Georgia, in violation of Title 18, United States Code, Section 1111. (R-1). Anderson was arraigned in this court on December 21, 1987, at which time he pled not guilty to the charge. (R1. 1). On March 1, 1988, Anderson waived indictment in writing (R-3), and on March 24, 1988, entered a plea of guilty to a Superseding Information charging the lesser offense of 2nd Degree Murder. (R- 5). The district court simultaneously ordered the dismissal of the original Indictment. Anderson was sentenced to life imprisonment. (R- 6).

On March 2, 1989, Petitioner filed a Motion To Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (R-14). This first Section 2255 motion was denied on June 8, 1989. (R-19). Petitioner appealed the district court's decision. (R-20). The Court of Appeals affirmed the district on January 30, 1991, denying any relief to Petitioner. (R-33).

On January 8, 1992, Petitioner filed a second Section 2255 Motion To Vacate Judgment and Sentence For Want of Jurisdiction. (R-39). After full consideration as directed by the Eleventh Circuit Court of Appeals, Petitioner's second motion to vacate his sentence was denied. (R-55). Petitioner again appealed the district court's decision (R-56), and the Court of Appeals again affirmed the district court. (R-60).

On March 12, 1996, Anderson filed a Privacy Act Complaint seeking the vacation of his conviction and sentence (R-61), which complaint was re-characterized as a third Motion To Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255, but fully considered and denied on September 3, 1996. (R-68). Petitioner again appealed the district court's decision (R-71), but while this appeal was pending, Petitioner filed his fourth Section 2255 "Motion To Vacate Judgment and Sentence." (R-72). This petition was considered and denied on December 6, 1996. (R-78).

On June 28, 1999, the Eleventh Circuit Court of Appeals affirmed the district court's September 3, 1996 judgment. (R- 85).

Petitioner filed his fifth Motion To Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 under the caption, "Motion to Vacate and Dismiss Criminal Information and Vacate Judgment and Sentence for Want of Subject Matter Jurisdiction. (R-86). The

district court denied this collateral attack on Petitioner's sentence on July 26, 2000. (R-94). Again, Petitioner filed a Notice of Appeal of the district court's decision, and the Court of Appeals denied Petitioner a Certificate of Appealability, refusing the appeal on April 2, 2001. (R-104).

On April 20, 2001, Petitioner Anderson filed an Emergency Motion to Expedite his Motion Requesting a Show Cause Order (R-105), which the district court denied on May 1, 2001 (R-106). Petitioner attempted another appeal but the Eleventh Circuit Court of Appeals denied all of his motions as frivolous and ordered the case closed on December 4, 2001. (R-116, 117). Notwithstanding, on March 18, 2002, Petitioner applied directly to the Eleventh Circuit Court of Appeals "for review of the final Sentence imposed upon the Petitioner on March 24, 1988." (R-119). The Court of Appeals dismissed that action for lack of jurisdiction and as an untimely appeal. The Court also denied Petitioner's following Motion for Reconsideration. (R-122, 123).

On August 15, 2002, Petitioner filed in this court a "Rule 35(a) Motion for Correction of Illegal Sentence (R-124), and on September 9, 2002, he filed what he denominated as "Motion for Initial Consideration of Petitioner's Motion to Correct Illegal Sentence (R-125).[1] These motions were joined and recharacterized as another § 2255 motion under the authority that the rule was well established that collateral attack upon a sentence must be brought through § 2255 procedures in the federal district court that sentenced petitioner.

---

[1] These Motions are of particular note, because they are materially indistinguishable from Petitioner's latest Motion presently under review and consideration here.

3

*Birdsell v. Alabama,* 834 F.2d 920(11th 1987), and *Wofford v. Scott,* 177 F.3d 1236 (11th 1999). The motions thus considered were barred by the AEDPA statute of limitations. The district court denied and dismissed Petitioner's August and September 2002 Motions on October 31, 2002. (R-131). His Motion for Reconsideration was also denied. (R-133). Anderson again appealed. The Eleventh Circuit Court of Appeals denied his motion to stay the proceedings, denied his petition for writ of mandamus as frivolous, denied his motion to proceed *In Forma Pauperis,* and dismissed his appeal on August 25, 2003. (R-149).

After the denial of several procedural motions in the district court and the Eleventh Circuit Court of Appeals, Petitioner Anderson filed a Motion To Set Aside Judgment Pursuant To Rule 60(b) on July 18, 2005. (R-166). After full consideration of this and several interim motions filed in conjunction, the same were denied and dismissed by the district court on September 12, 2005. (R-176). Anderson's Motion for Reconsideration was also denied (R-179).

On December 1, 2005, Anderson filed a Motion For Findings of Fact and Conclusions of Law (R-180), which appeared to be another attempt to appeal to the Eleventh Circuit Court of Appeals. Removing all doubt, on December 14, Petitioner Anderson filed a Notice of Appeal along with a Motion to Proceed IFP. (R-181, 182). The district court denied a Certificate of Appealability (R-184), and the Eleventh Circuit Court of Appeals denied Anderson's motions, dismissed his appeal, and again ordered the case closed. (R-186).

Now, Petitioner Anderson has again filed a Motion to Correct Illegal Sentence pursuant to former Rule 35(a) on August 7, 2006. (R-187). The sole issue stated at page

4

3 of the Motion is that, "This court lacked jurisdiction to impose any sentence on an untimely criminal information and the life sentence is illegal and must be vacated."

This court must take note that the exact issue Petitioner's proffers in his present petition was raised by his Motion to Vacate and Dismiss Criminal Information and Vacate Judgment and Sentence for Want of Subject-Matter Jurisdiction filed on May 30, 2000 (R-86), which was denied by Order of this court on July 24, 2000 (R- 93), and tacitly affirmed by the Eleventh Circuit Court of Appeals on April 4, 2001, by its denial of Petitioner's Certificate of Appealability (R- 104).

A rejected claim does not merit rehearing on a mere re-characterization of the prior claim, or on a different, but previously available, legal theory. *Cook v. Lockhart,* 878 F. 2d 220, 222 (8th Cir. 1989). *See also United States v. Nyhuis,* 211 F.3d 1340 (11th Cir. 2000).

Petitioner's present motion is also time-barred by the provisions of the AEDPA. The Anti-Terrorism and Effective Death Penalty Act (AEDPA) codified as part of 28 U.S.C. § 2255 became effective on April 24, 1996.   The portion relevant to 28 U.S.C. § 2255 is as follows:

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of -
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

5

> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner's 1988 conviction and sentence by this court preceded the effective date of the AEDPA. However, the Eleventh Circuit addressed this statute of limitations as to all prisoners whose convictions had become final prior to the effective date of the AEDPA. In *Wilcox v. Florida Department of Corrections,* 158 F. 3d 1209, 1211(1998), it was held that prisoners whose convictions became final before the AEDPA's effective date of April 24, 1996, must be given a reasonable time after the enactment of the one- year period of limitation to file their federal habeas actions, and "under those circumstances, a reasonable period is until April 23, 1997," one year from the date of enactment.

Therefore, the one-year period of limitation provided by 28 U.S.C. § 2255 would have begun to run in Petitioner's case on April 24, 1996, except that Petitioner's Privacy Act Complaint (R-61), filed on March 12, 1996 and recharacterize as a § 2255 petition, was still pending on April 24, 1996. When that action was denied by the district court on September 3, 1996, Petitioner Anderson filed an appeal (R-71), which was denied by the Court of Appeals on June 28, 1999. (R-85). Petitioner did not seek certiorari of the appellate court's decision. Nonetheless, his AEDPA one-year period of limitations did not begin to run until September 28, 1999.[2] From September 28, 1999 until May 30, 2000, Petitioner had no

---

[2] *See Clay v. United States,* 537 U.S. 522, 123 S.Ct. 1072 (2003)(for federal criminal defendants who do not file a petition for certiorari with that Court on direct review, § 2255's one-year limitation period starts to run when the time for seeking such review expires.

pleadings on file in his case which tolled the running of the AEDPA statute of limitations. On May 30, 2000, he filed a Motion To Dismiss Criminal Information and Vacate Sentence For Want of Subject Matter Jurisdiction. (R-86). A period of eight (8) months had elapsed from his one-year period of limitations. See 28 U.S.C. § 2255.

From May 20, 2000, Anderson kept some form of collateral attack filed in his case until December 4, 2001, when the Eleventh Circuit Court of Appeals denied all of Petitioner's Motions and ordered the case closed. (R-104). Petitioner did not seek certiorari on that Judgment, and had no tolling pleadings of record until August 15, 2002, when he filed a Motion For Relief From Judgment Pursuant to Rule 35(a) (R-124), having allowed an additional five (5) months and ten (10) days to elapse from his one-year AEDPA limitations period. Petitioner's one-year statute of limitations had, therefore, expired on July 5, 2002.[3] Accordingly, his Motion (R-124) was found by the district court to be time-barred. (R-131). The limitations period having been exhausted, all subsequent collateral attacks on his sentence are likewise time-barred. His appeal of the court's decision was dismissed by the Eleventh Circuit Court of Appeals (R-149).

---

[3] In *Justice v. United States,* 6 F. 3d 1474 (1993), the Eleventh Circuit Court of Appeals cited with approval the Supreme Court in *United States v. Ibarra,* 502 U. S. 1, note 2, 112 S. Ct. 4, 5 n. 2. (1991), "holding that when time bar is suspended because of equitable tolling and begins to run upon happening of subsequent events, the time remaining is calculated by subtracting from the full limitations period whatever time ran before the clock was stopped." *Justice,* at 1478.

Petitioner's present MOTION TO CORRECT ILLEGAL SENTENCE pursuant to Rule 35(a) is barred as having been decided adversely to Petitioner heretofore and barred by the AEDPA statute of limitations.

WHEREFORE, IT IS HEREBY RECOMMENDED for the causes shown that Petitioner's Motion be DENIED. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 11th day of August 2006.

    S/G. MALLON FAIRCLOTH
    UNITED STATES MAGISTRATE JUDGE