## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

MELVIN ANDERSON,           *
                              *

      Petitioner,        *
                              *

v.                        *     CASE NO. 87-CR-1649 CDL
                              *     Former Rule 35(a) Motion To
                              *     Correct Illegal Sentence

UNITED STATES OF AMERICA,   *
                              *

      Respondent.      *

## REPORT AND RECOMMENDATION

_____Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 is before this court for preliminary consideration as required by Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts.

Review of the record in above styled action reveals that an Indictment was returned and filed in this court on October 15, 1987, charging Anderson with the malice murder of Sandy McCall by shooting him with a firearm on lands acquired for the use of the United States and under the exclusive jurisdiction thereof. (R-1). The record further reflects that a Superseding Information was filed on March 1, 1988 (R-2), simultaneously with a WAIVER OF INDICTMENT (R-3) and Petitioner's guilty plea (R-2A). Petitioner was sentenced to life imprisonment on March 24, 1988. (R-5).

Thereafter, Petitioner Anderson filed and exhausted a pre-AEDPA Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255, and filed and exhausted post-AEDPA Motions To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§

2255.  The latest being filed on May 30, 2000 (R-86), subsequent to affirmation of his conviction and sentence on direct appeal to the United States Court of Appeals for the Eleventh Circuit (R-85).  Petitioner's 2000 Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 was denied by the district court on July 26, 2000 (R-94).  After numerous motions for reconsideration and mandamus, all of which the United States Court of Appeals for the Eleventh Circuit denied as frivolous and dismissed on December 14, 2001 (R-117), the Court also dismissed Petitioner's appeal therefrom as frivolous (R-118).

On August 15, 2002, Anderson filed a Motion For Relief under Rule 35 (R-124), which was considered and denied on October 31, 2002 (R-132).  Anderson's interlocutory appeal (R-134) was dismissed by the United States Court of Appeals for the Eleventh Circuit on February 12, 2003 (R-141, 146).  Following another sheath of motions for reconsideration and mandamus, Anderson filed a Motion To Set Aside Conviction and Sentence under Rule 60(b), Federal Rules of Civil Procedure (R-166), which was ultimately denied on October 31, 2005 (R-177).

On August 7, 2006, Anderson filed another Rule 35 type Motion To Correct Illegal Sentence (R-187), which was reviewed and denied on October 4, 2006 (R-192).  Both the district court and the United States Court of Appeals for the Eleventh Circuit denied Certificates of Appealability (R-198 and 203) respectively. On May 23, 2007, following the lead of the United States Court of Appeals for the Eleventh Circuit, presiding District Judge ordered Anderson's case closed and ordered that no more motions be considered.

Nonetheless, Anderson filed on June 26, 2007, a third Motion to Vacate Sentence pursuant to former Rule 35(a). (R-209). Petitioner's complaints are: (1) that he was arrested without probable cause as a murder suspect on a criminal complaint filed on September 26, 1987; (2) that the former Deputy Clerk of the Columbus Divisions of the Middle District of Georgia "fabricated the criminal record/file Criminal Docket No. 87-CR-1649- Col., stating that an indictment and votes of the grand jury were filed on October 15, 1987, falsely charging Melvin Anderson with murder on a Military Reservation;" (3) that a former Assistant U.S. Attorney fabricated and/or manufactured a One Count Criminal Indictment forging the Grand Jury foreman's signature and filing date; (4) that the record confirmed that no arrest warrant ever issued; (5) that the filing date of the alleged indictment has been changed, altered and amended, which invalidated the filing of the indictment; (6) that "The Criminal Indictment in the Record (R1 and 3) is not the product of a federal grand jury and was not returned by a federal grand jury pursuant to Rule 6(f) of the Federal Rules of Criminal Procedure and was not filed pursuant to 18 U.S.C. § 3161(b); (7) [a repeat of (3)]; (8)that defendant's attorney of record wrote the trial judge for permission to withdraw as Petitioner's counsel to take a position as a State Assistant District Attorney in which he stated, "I do not believe Mr. Anderson has been indicted yet." [*See* Petitioner's Motion, Exhibit 4]; (9) [repeat of (6)]; (10) that on March 1, 1988, former Assistant U.S. Attorney acted outside the scope of his office and authority and untimely filed a Criminal Information 156 days from the date of Anderson's arrest; (11) [this claim involves hearsay information arising in a North Carolina habeas corpus action by Petitioner regarding a response by an

3

Assistant U.S. Attorney in North Carolina that no indictment in this court existed in this case; and (12) that "On March 24, 1988, this court exceeded its power and authority to impose an illegal life sentence upon the defendant pursuant to an untimely filed Criminal Information which failed to comply with the statute 18 U.S.C. § 3161(b).

## CONCLUSION OF LAW

_____The Supreme Court of the United States in *Hill v. United States,* 368 U.S. 424, 430, 82 S.Ct. 468, 472 (1962) explained:

> [The] language and history [of Rule 35 of the Federal Rules of Criminal Procedure] make clear, the narrow function of Rule 35 is to permit correction at any time of an illegal sentence, not to re-examine errors occurring at the trial or other proceedings prior to the imposition of sentence. The sentence in this case is not illegal. The punishment meted out was not in excess of that proscribed by the relevant statutes, multiple terms were not imposed for the same offense, nor were the terms of the sentence itself legally or constitutionally invalid in any other respect. . . . FN9. Rule 35 was invoked in a situation where we unanimously recognized that the only issue was whether the sentence imposed was illegal on its face.

Likewise, the 2nd Circuit Court of Appeals had held, "It is well established that a Motion under Rule 35 can *only* be used to correct an illegal sentence, not to correct trial errors or errors in other pre-sentencing proceedings." *United States v. Schiff,* 876 F.2d 272, 274 (1989). "Rule 35(a) motions cannot serve as a means to 're-examine errors occurring at ...proceedings prior to imposition of sentence.' *United States v. Fischer,* 205 F.3d 967, 971072 (7th Cir. 2000)." *United States v. Lika,* 344 F.3d 150, 152 (2nd Cir. 2003).

Without conceding that any error has occurred, the conclusion of law drawn is simply

that Petitioner Anderson cannot use Rule 35 (a), Federal Rules of Criminal Procedure, to re-examine anything occurring in his case prior to imposition of sentence and that is all that he has attempted to do here.  He simply makes the incognizable, incorrect and conclusory state that "this court exceeded its power and authority to impose an illegal life sentence upon the defendant."  Anderson's life sentence for murder as authorized upon his guilty plea  by 18 U.S.C. § 1111, is not illegal on its face.

WHEREFORE, IT IS RECOMMEND that his Motion Pursuant to Rule 35 be DISMISSED.  Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 6th day of August 2007.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE