IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| MELVIN ANDERSON, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | CASE NO. 4:87-CR-1649 CDL |
| | * | 28 U.S.C. § 2255 |
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 is before this court for preliminary consideration as required by Rule 4 of the Rules Governing Section 2255 Proceedings For The United States District Courts.

Indictment was returned in this court on October 15, 1987, charging Anderson with the malice murder of Sandy McCall by shooting him with a firearm on lands acquired for the use of the United States and under the exclusive jurisdiction thereof. (R-1). The record further reflects that a Superseding Information was filed on March 1, 1988 (R-2), simultaneously with a WAIVER OF INDICTMENT (R-3) and Petitioner's guilty plea (R-2A). Petitioner was sentenced to life imprisonment on March 24, 1988. (R-5).

Thereafter, Petitioner Anderson filed and exhausted a pre-AEDPA Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255, and filed and exhausted post-AEDPA Motions To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255. The latest being filed on May 30, 2000 (R-86), subsequent to affirmation of his conviction and sentence on direct appeal to the United States Court of Appeals for the Eleventh Circuit (R-85). Petitioner's May 30, 2000, Motion To Vacate, Set Aside, or

Correct his Sentence Pursuant to 28 U.S.C.§ 2255 was denied by the district court on July 26, 2000 (R-94). After numerous motions for reconsideration and mandamus, all of which the Court of Appeals for the Eleventh Circuit denied as frivolous and dismissed on December 14, 2001 (R-117). The Court also dismissed Petitioner's appeal therefrom as frivolous (R-118).

On August 15, 2002, Anderson filed a Motion For Relief under Rule 35 (R-124), which was considered and denied on October 31, 2002 (R-132). Anderson's interlocutory appeal (R-134) was dismissed by the United States Court of Appeals for the Eleventh Circuit on February 12, 2003 (R-141, 146). Following another sheath of motions for reconsideration and mandamus, Anderson filed a Motion To Set Aside Conviction and Sentence under Rule 60(b), Federal Rules of Civil Procedure (R-166), which was ultimately denied on October 31, 2005 (R-177).

On August 7, 2006, Anderson filed another Rule 35 type Motion To Correct Illegal Sentence (R-187), which was reviewed and denied on October 4, 2006 (R-192). Both the district court and the United States Court of Appeals for the Eleventh Circuit denied Certificates of Appealability (R-198 and 203 respectively). On May 23, 2007, following the lead of the Court of Appeals, the presiding district judge ordered Anderson's case closed and ordered that no more motions be considered.

On June 26, 2007, a Motion to Vacate Sentence pursuant to former Rule 35(a). (R-209). That Motion, wherein Petitioner challenged several alleged errors by the trial court, was denied on August 29, 2007, by this court, and his certificate of appealability was thereafter denied by the Eleventh Circuit Court of Appeals. (R-218, 231).

On October 23, 2008, Petitioner filed yet another Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255. (R-249). In this most recent Motion, Petitioner moves the court to vacate his sentence due to fraud upon the court by the United States Attorney and the Clerk of Court.

## Conclusions of Law

Petitioner has previously and numerously collaterally attacked his sentence heretofore by Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255. The AEDPA provides that to file a second or successive § 2255 motion, the movant must first file an application with the appropriate Court of Appeals for an order authorizing the district court to consider it. *See* 28 U.S.C. § 2255(h). Without authorization, the district court lacks jurisdiction to consider a second or successive petition. *See Hill v. Hopper,* 112 F.3d 1088, 1089 (11th 1997); *Farris v. United States,* 333 F.3d 1211, 1216 (11th Cir. 2003). This court, therefore, must be authorized by the United States Court of Appeals for the Eleventh Circuit before it can entertain a second or successive challenge to Petitioner's sentence.

WHEREFORE, IT IS RECOMMENDED that Petitioner Anderson's petition be DISMISSED. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 23rd day of October, 2008.

S/ G. MALLON FAIRCLOTH
UNITED STATES MAGISTRATE JUDGE

3

4