IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| MELVIN ANDERSON, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | CASE NO. 4:87-CR-1649 CDL |
| | * | Rule 60(d)(3) Motion |
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Respondent. | * | |

## REPORT AND RECOMMENDATION

Petitioner's present Verified Motion for Relief from Final Judgment, filed on July 22, 2009, seeks again to assert Civil Rule 60 to reopen a 1992 habeas corpus order in proceedings where he claimed fraud upon the court. (Doc.-55). Petitioner reasserts his claim of lack of jurisdiction in this Court to issue conviction and sentence for want of an indictment under the guise of a fraud upon the court claim, all of which has been decided heretofore against him. (Doc.-275). Contrary to Petitioner's contention, a grand jury indicted him for the offense of First Degree Murder on October 15, 1987.[1] He was arraigned in this court on December 21, 1987, at which time he pled not guilty to the charge. (Doc.-1). On March 1, 1988, in conjunction with Petitioner's decision to enter a plea of guilty to the lesser offense, the United States Attorney drafted and filed a Superseding Information (Doc.-2) charging Petitioner Anderson with 2nd Degree Murder. (Doc.-2). On March 24, 1988, Petitioner filed a Waiver of Indictment (Doc.-3) and entered his plea of guilty, whereupon the court ordered the dismissal of the original Indictment and sentenced Petitioner to life imprisonment on the

---

[1] Petitioner appears to believe that said indictment is faulty because it was not signed and dated by the Grand Jury Foreman. Although the copy Petitioner received may not have included such information, the original indictment located in the record was signed and dated by the Grand Jury Foreman. (Doc.-1). Furthermore, the Indictment in this case is irrelevant as Petitioner pled to an Information and waived his right to Indictment on March 1, 1988. (Doc.-2, 3).

Superseding Information. (Doc.-5).

On March 2, 1989, Petitioner filed a Motion To Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc.-14). That first Section 2255 motion was denied on June 8, 1989. (Doc.-19). Petitioner appealed the District Court's decision to the Eleventh Circuit Court of Appeals. (Doc.-20). The Circuit Court remanded Petitioner's § 2255 Motion for rehearing in the District Court. (Doc.-40). Rehearing was held on May 15, 1992, and the District Court again denied Petitioner's Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. (Doc.-55). Anderson again appealed the decision (Doc.-56), and the Circuit Court affirmed the District Court's decision. (Doc.-60).

Thereafter, Petitioner Anderson filed and exhausted a pre-AEDPA Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255, and filed and exhausted post-AEDPA Motions To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255. The latest was filed on May 30, 2000 (Doc.-86), subsequent to affirmation of his conviction and sentence on direct appeal to the United States Court of Appeals for the Eleventh Circuit (Doc.-85). Petitioner's May 30, 2000, Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 was denied by the District Court on July 26, 2000 (Doc.-94). After numerous motions for reconsideration and mandamus, all of which the Court of Appeals for the Eleventh Circuit denied as frivolous and dismissed on December 14, 2001, the Circuit Court further ordered the case closed. (Docs.- 116, 117, 118).

On August 15, 2002, Anderson filed a Motion For Relief under Rule 35 (Doc.-124), which was considered and denied on October 31, 2002 (Doc.-132). Anderson's interlocutory appeal (Doc.-134) was dismissed by the United States Court of Appeals for the Eleventh Circuit on

February 12, 2003 (Doc.-141, 146). Following another sheath of motions for reconsideration and mandamus, Anderson filed a Motion To Set Aside Conviction and Sentence under Rule 60(b), Federal Rules of Civil Procedure (Doc.-166), which was ultimately denied on October 31, 2005 (Doc.-177).

On August 7, 2006, Anderson filed another Rule 35 type Motion To Correct Illegal Sentence (Doc.-187), which was reviewed and denied on October 4, 2006 (Doc.-192). Both the District Court and the United States Court of Appeals for the Eleventh Circuit denied Certificates of Appealability (Doc.-198 and 203 respectively). On May 23, 2007, following the lead of the Court of Appeals, the presiding district judge ordered Anderson's case closed and ordered that no more motions be considered.

On June 26, 2007, Petitioner filed a Motion to Vacate Sentence pursuant to former Rule 35(a). (Doc.-209). That Motion, wherein Petitioner challenged several alleged errors by the trial court, was denied on August 29, 2007, by this court, and his Certificate of Appealability was thereafter denied by the Eleventh Circuit Court of Appeals. (Doc.-218, 231).

On October 23, 2008, Petitioner filed yet another Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255. (Doc.-249). In this motion, Petitioner also moved the court to vacate his sentence <u>due to fraud upon the court</u> by the United States Attorney and the Clerk of Court (the theme he repeats in his latest Motion For Relief From Judgment (Doc.-275)). The District Court denied Petitioner Anderson's October 2008, Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Doc.-249) on January 5, 2009. (Doc.-260). Anderson followed on January 22, 2009, with a Motion to Alter and/or Amend the Court's Order which the District Court summarily dismissed. Anderson then filed a Notice of Appeal on February 13, 2009.

(Doc.-263).  The  United States Court of Appeals for the Eleventh Circuit issued its dismissal of Petitioner's Notice of Appeal on March 19, 2009.  (Doc.-270).

On May 29, 2009, Anderson filed a Motion for Sanctions (Doc.-271), on June 1, 2009, another Motion For Relief from Final Judgment and Order on Motion To Vacate (Doc.-272), on July 16, 2009, a Motion for In Camera Hearing to Ouster the Clerk of Court (Doc.-273), and on July 20, 2009, a Motion for Hearing on Misconduct of the Clerk of Court (Doc.-274), all of which were summarily denied by the District Court as frivolous. (Docs.-272A, 273A, 274A).  On July 22, 2009, Anderson most recently filed his Motion  for Relief From Final Judgment (Doc.-275), wherein he raises charges of fraud upon the court in regard to its July 27, 1992, Order denying his Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 on remand.  However, despite his contention that this Motion is brought under the provisions of Fed. R. Civ. P. 60(d)(3), he nonetheless urges the Court to "discharge Anderson from Custody," i.e., vacate his criminal sentence. (Doc.-275 at 14).

## Conclusions of Law

In *Boone v. Sec'y, Dept. Of Corr.,* 377 F.3d 1315, 1316, 1317 (11th Cir. 2004), in regard to Federal Rule of Civil Procedure 60$^2$ motions to reopen habeas proceedings on the basis of fraud upon the court, the Court of Appeals observed that:

> Pursuant to this Court's en banc decision in *Gonzalez v. Sec'y of Corr.,* the law surrounding Rule 60 motions has now been clarified. 366 F.3d 1253 (11th Cir. 2004). . . .
> Sitting en banc our Court found that the Supreme Court's recent

---

$^2$Rule 60 was restructured effective December 1, 2007, to provide at 60(d)(3) that,"This rule does not limit a court's power to set aside a judgment for fraud on the court."  Formerly such claims were brought under 60(b).

4

>decision in *Calderon*[3] clarified the viability, post-AEDPA, of Rule 60 motions in the context of federal habeas petitions. We held that the District Courts do not have the jurisdiction to consider Rule 60 motions to consider the denial of a habeas petition unless the motion is one made to prevent fraud upon the court.[4] We reasoned that, "because a petitioner's attempt to reopen a final habeas judgment pursuant to Rule 60 is to be treated as an application to file a second or successive petition, it ordinarily should be dismissed by the District Court pursuant to § 2244(b)(4)."

The Court went on to say that if the Rule 60 motion is not designed to prevent a fraud upon the court, but rather to re-open his habeas judgment, the court lacks subject matter jurisdiction over the motion. *Id.* at 1317. Likewise, the Court ruled earlier in 2004, *Gonzalez v. Sec'y of Dept. Of Corr.,* 366 F.3d at 1277 that:

>[I]f the grounds of relief stated in the Rule 60 motion satisfy the stringent requirements of § 2244(b)(1) & (2), the petitioner should put those grounds in a habeas petition and move under § 2244(b)(3)(A) for an order from the court of appeals authorizing the District Court to consider it.

From all of the foregoing authority, it clearly appears that this court cannot exercise jurisdiction over Petitioner's Rule 60(d)(3) Motion until such time as it is authorized to do so by the United States Court of Appeals for the Eleventh Circuit pursuant to the trumping provisions of 28 U.S.C. § 2244 (b)(3)(A), according to *Boone, Gonzalez*, and *Calderon.* " When a person files an unauthorized or successive motion to vacate without having obtained the appropriate authorization from the court of appeals, as in the instant case, the proper remedy is for the District Court to dismiss

---

[3] *Calderon v. Thompson,* 523 U.S. 538, 118 S.Ct. 1489 (1998).

[4] " 'Fraud upon the court' . . . embraces only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." *Travelers Indem. Co. v. Gore,* 761 F.2d 1549, 1551 (11th Cir. 1985); *Zakrzewski v. McDonough,* 490 F.3d 1264, 1267 (11th Cir. 2007).

the claims raised in the motion." *El-Amin v. United States,* 172 F. App'x 942, 946 (11th Cir. 2006)(treating Rule 60 motion as successive § 2255 motion and remanding to the District Court to modify its order to reflect that motion is dismissed for lack of jurisdiction).

In *Gonzalez v. Crosby,* 545 U.S. 524, 125 S.Ct. 2641 (2005), Court ruled that pleadings labeled as Rule 60 motions that are in substance successive habeas petitions "should be treated accordingly," and that using Rule 60 to present new claims for relief from judgment circumvents statutory requirements "that a new claim be dismissed unless it relies on either a new rule of constitutional law or newly discovered facts." *Id.* at 2647.

The *Gonzalez* Court held that if a Rule 60 motion contains one or more "claims," the motion is, if not in substance a "habeas corpus application," at least similar enough that failing to subject it to AEDPA's restrictions on successive habeas petitions would be "inconsistent with" the statute. A Rule 60 motion can be said to bring a "claim" if it seeks to add a new ground for relief from the defendant's conviction or attacks the federal court's previous resolution of a claim on the merits.

Inasmuch as his Rule 60 motion continues to raise substantive claims, it is subject to dismissal as a second and successive Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255, and unauthorized. "Federal prisoners seeking to file a second or successive Motion To Vacate, Set Aside, or Correct his Sentence must move the court of appeals for an order authorizing the District Court to consider the second or successive motion." *In re Joshua,* 224 F.3d 1281 (11th Cir.  2000).

Petitioner Anderson repeats claims that he has raised that this court lacked subject matter jurisdiction for want of an indictment and for violation of his speedy trial rights.  It is of no

consequence that he now couches these claims as frauds upon the court in regard to an indictment. These issues were raised by Anderson in his Rule 60(b) Motion (Doc. 86) filed in this court on May 30, 2000. That Motion was denied by the District Court on July 24, 2000 (Doc. 93). The United States Court of Appeals for the Eleventh Circuit denied Petitioner Anderson a Certificate of Appealability on his attempt to appeal the District Court's decision. (Doc. 104). These claims have been litigated and are now also barred by the law of the case doctrine.

The District Court is not required to reconsider claims of error that were raised and disposed of on direct appeal. *United States v. Rowan,* 633 F. 2d 1034, 1035 (11th Cir. 1981). "Once a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under § 2255." *United States v. Natelli,* 553 F. 2d 5, 7 (2nd Cir. 1977). A rejected claim does not merit rehearing on a mere *re-characterization* of the prior claim, or on a different, but previously available, legal theory. *Cook v. Lockhart,* 878 F. 2d 220, 222 (8th Cir. 1989); *See also United States v. Nyhuis,* 211 F.3d 1340 (11th Cir. 2000).

WHEREFORE, IT IS HEREBY RECOMMENDED for all of the foregoing causes that Petitioner's Motion for Relief from Final Judgment, be DISMISSED for lack of jurisdiction and as unauthorized by the United States Court of Appeals for the Eleventh Circuit. It is further recommended that Petitioner's Motion to Compel Magistrate Judge to Issue Report and Recommendation (Doc.-284) be denied as moot. Pursuant to 28 U.S.C. § 636 (b)(1), Petitioner may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE, WITHIN FOURTEEN (14) DAYS after being served with a copy hereof.

**SO RECOMMENDED** this 14th day of January 2010.

                                                **S/G. MALLON FAIRCLOTH**
                                                **UNITED STATES MAGISTRATE JUDGE**