IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | | |
|---|---|---|
| MELVIN ANDERSON, | * | |
| Petitioner, | * | |
| VS. | * | CASE NO. 4:87-CR-1649 (CDL) |
| | | Rule 60(b) Motion |
| UNITED STATES OF AMERICA, | * | |
| Respondent. | * | |

## **O R D E R**

Petitioner has again filed a Motion to Alter Judgment in this Court (Doc. 292) from his guilty plea to second degree murder on May 24, 1988, where in he was sentenced to life imprisonment. Petitioner's previous attempts to set aside his sentence reveal that on March 2, 1989 Petitioner filed a Motion To Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255. That first Section 2255 motion was denied on June 8, 1989. Petitioner appealed the District Court's decision to the Eleventh Circuit Court of Appeals. The Circuit Court remanded Petitioner's § 2255 Motion for rehearing in the District Court. Rehearing was held on May 15, 1992, and the District Court again denied Petitioner's Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255. Anderson again appealed the decision , and the Circuit Court affirmed the District Court's decision.

Thereafter, Petitioner Anderson filed and exhausted a pre-AEDPA Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255, and filed and exhausted post-AEDPA Motions To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255. The latest was filed on May 30, 2000, subsequent to affirmation of his conviction and sentence on direct appeal to the United States Court of Appeals for the Eleventh Circuit. Petitioner's May 30, 2000, Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255 was denied by the District

Court on July 26, 2000. After numerous motions for reconsideration and mandamus, all of which the Court of Appeals for the Eleventh Circuit denied as frivolous and dismissed on December 14, 2001, the Circuit Court further ordered the case closed.

On August 15, 2002, Anderson filed a Motion For Relief under Rule 35, which was considered and denied on October 31, 2002. Anderson's interlocutory appeal was dismissed by the United States Court of Appeals for the Eleventh Circuit on February 12, 2003. Following another sheath of motions for reconsideration and mandamus, Anderson filed a Motion To Set Aside Conviction and Sentence under Rule 60(b), Federal Rules of Civil Procedure, which was ultimately denied on October 31, 2005.

On August 7, 2006, Anderson filed another Rule 35 type Motion To Correct Illegal Sentence, which was reviewed and denied on October 4, 2006. Both the District Court and the United States Court of Appeals for the Eleventh Circuit denied Certificates of Appealability. On May 23, 2007, following the lead of the Court of Appeals, the presiding district judge ordered Anderson's case closed and ordered that no more motions be considered.

On June 26, 2007, Petitioner filed a Motion to Vacate Sentence pursuant to former Rule 35(a). That Motion was denied on August 29, 2007, by this court, and his Certificate of Appealability was thereafter denied by the Eleventh Circuit Court of Appeals.

On October 23, 2008, Petitioner filed yet another Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C. § 2255. The District Court denied Petitioner Anderson's October 2008, Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 on January 5, 2009. Anderson followed on January 22, 2009, with a Motion to Alter and/or Amend the Court's Order which the District Court summarily dismissed. Anderson then filed a Notice of Appeal on

February 13, 2009. The United States Court of Appeals for the Eleventh Circuit issued its dismissal of Petitioner's Notice of Appeal on March 19, 2009.

On June 1, 2009, Petitioner filed another Motion For Relief from Final Judgment and Order on Motion To Vacate, which were summarily denied by the District Court as frivolous. On July 22, 2009, Anderson most recently filed his Motion for Relief From Final Judgment, wherein he raises charges of fraud upon the court in regard to its July 27, 1992, Order denying his Motion To Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 on remand. That motion was denied by the District Court on March 8, 2010. Less than one month later, on April 6, 2010, Petitioner filed his most recent Motion to Alter and/or Amend Judgment.

As was stated in his most recent attempt to have his sentence set aside, inasmuch as his latest motion continues to raise substantive claims, it is subject to dismissal as a second and successive Motion To Vacate, Set Aside, or Correct his Sentence Pursuant to 28 U.S.C.§ 2255, and unauthorized. "Federal prisoners seeking to file a second or successive Motion To Vacate, Set Aside, or Correct his Sentence must move the court of appeals for an order authorizing the District Court to consider the second or successive motion." *In re Joshua,* 224 F.3d 1281 (11th Cir. 2000).

WHEREFORE, IT IS HEREBY ORDERED that Petitioner's Motion to Alter and/or Amend Judgment (Doc. 292) be DISMISSED for lack of jurisdiction and as unauthorized by the United States Court of Appeals for the Eleventh Circuit.

**SO ORDERED** this 9th day of April, 2010.

        S/Clay D. Land
          CLAY D. LAND
        UNITED STATES DISTRICT JUDGE