IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

MELVIN ANDERSON,                          :
                                          :
                    Movant,               :
                                          :
          v.                              :          Case No. 4:87-cr-01649-CDL-MSH
                                          :
UNITED STATES OF AMERICA,                 :
                                          :
                    Respondent.           :
_____           :

## ORDER AND RECOMMENDATION

Petitioner Melvin Anderson, an inmate confined at the U.S. Penitentiary in Beaumont, Texas, has filed a motion to alter judgment (ECF No. 396) and a motion for relief from judgment (ECF No. 400). The Court recommends that both motions be denied. Petitioner has also filed a motion to appoint counsel (ECF No. 397) and an amended motion to appoint counsel (ECF No. 398). Those motions are denied.

## BACKGROUND

On March 1, 1988, Petitioner pled guilty to second-degree murder. Superseding Information 1, ECF No. 2; Plea Sheet 1, ECF No. 2. The Court sentenced him to life imprisonment. Judgment 1, ECF No. 5. Petitioner did not appeal. The Court denied Petitioner's first motion to vacate pursuant to 28 U.S.C. § 2255 on June 8, 1989, and Petitioner appealed. 1987-1992 Docs. 53-73, 77, 78-79, ECF Nos. 14, 19. Petitioner then flooded the Court with "various motions and documents," and the Court declined to accept any more documents until the Eleventh Circuit ruled on Petitioner's appeal. *Id.* at 138.

The Eleventh Circuit vacated and remanded Petitioner's motion to vacate for an evidentiary hearing, and after an evidentiary hearing, this Court again denied Petitioner's motion to vacate on remand.  *Id.* at 145-46, 212-320; 1992 Order 1-7, ECF No. 55.  On appeal, the Eleventh Circuit affirmed.  1987-1992 Docs. at 330, 332-35, 346-48.

Petitioner has since inundated the Court with motions seeking various forms of collateral relief, including a Privacy Act Complaint (ECF No. 61), second or successive motions to vacate under § 2255 (ECF No. 86, 124, 151, 209, 249), motions for relief from judgment (ECF Nos. 100, 139, 142, 166, 272, 275, 292, 335), and motions seeking relief under former Federal Rule of Criminal Procedure 35(a) (ECF Nos. 187, 209).  This Court (ECF Nos. 68, 89, 93, 106, 127, 131, 143, 154, 170, 176, 189, 192, 213, 218, 250, 260, 285, 289, 342, 344) and the Eleventh Circuit (ECF Nos. 85, 104, 118, 122, 123, 141, 149, 158, 186, 203, 205, 231, 270, 313, 314) have denied Petitioner relief.

As relevant here, the Court received Petitioner's motion to correct illegal sentence (ECF No. 361) on August 28, 2018, and his motion to enforce judgment (ECF No. 375) on April 3, 2020.  In both motions, he argued he was entitled to release under former Federal Rule of Criminal Procedure 35(a) because the U.S. Parole Commission and Federal Bureau of Prisons had wrongfully denied him parole after thirty years confinement in violation of 18 U.S.C. §§ § 4161, *et seq.*, 4602(d), and *Haines v. Kerner*, 404 U.S. 519 (1972).  Mot. to Correct Illegal Sent. 1-4, ECF No. 361; Mot. to Enforce J. 1-5, ECF No. 375.

The undersigned recommended (ECF No. 385) that Petitioner's motions be denied. After considering Petitioner's objections (ECF No. 387), the Court adopted the recommendation and denied (ECF No. 391) Petitioner's motions.  The Court then denied

(ECF No. 395) Petitioner's "Motion to Expedite" and "Motion to Enforce Judgement" (ECF No. 392) which appeared to seek reconsideration.  Less than a month later, the Court received Petitioner's pending motion to alter judgment (ECF No. 396) on December 7, 2020.  The Court received his motion for relief from judgment (ECF No. 400) on March 5, 2021.  Both motions concern the Court's Orders (ECF Nos. 385, 391, 395) described above.

## DISCUSSION

First, Petitioner's motions to appoint counsel are denied.  Second, the Court recommends that Petitioner's motion to alter judgment and motion for relief from judgment be denied.

## I.    Motions to Appoint Counsel

Petitioner appears to seek appointed counsel to pursue a motion for compassionate release under 18 U.S.C. § 3582(c).  Mot. to Appoint Counsel 1, ECF No. 397 (citing "extraordinary and compelling circumstance[s]" and his "high risk" designation); Am. Mot. to Appoint Counsel 1-2, ECF No. 398 (citing § 3582(c)).

Criminal defendants are not generally entitled to appointment of counsel for collateral proceedings.  *See, e.g., Johnson v. Avery*, 393 U.S. 483, 487.  There is no constitutional or statutory right to counsel to seek compassionate release pursuant to § 3582(c).  *United States v. Webb*, 565 F.3d 789, 794-95 (11th Cir. 2009) (per curiam).  District courts "have the discretion to appoint counsel."  *Id.* at 795 n.4.  "[T]hat discretion is guided by factors such as the complexity of the legal issues."  *United States v. Courson*, 835 F. App'x 546, 547 (11th Cir. 2021) (per curiam) (citing *Webb*, 565 F.3d at 795 n.4; *United States v. Berger*, 375 F.3d 1223, 1227 (11th Cir. 2004)).

Here, in both his amended motion to appoint counsel and his recent motion for compassionate release, Petitioner sets forth the basis for his motion, and the applicable legal doctrines are readily apparent.   Am. Mot. to Appoint Counsel 1-2; Mot. for Compassionate Release 1-5, ECF No. 383; *see also* Order 1-2, Sept. 10, 2020, ECF No. 386 (denying compassionate release).  Petitioner has not alleged exceptional circumstances justifying appointment of counsel. *See Courson*, 835 F. App'x at 547 ("The only legal issue that [defendant] says required counsel is whether the 18 U.S.C. § 3553(a) factors[,] which are part of the compassionate release decision, . . . favored his release.  That issue is not complex[.]").  Petitioner's motion to appoint counsel (ECF No. 397) and amended motion to appoint counsel are **DENIED**.

## II.   Motion to Alter Judgment and Motion for Relief from Judgment

In his motion to alter judgment, Petitioner seeks relief under Federal Rule of Civil Procedure 59(e).  Mot. to Alter J. 1-2, ECF No. 396.  In his motion for relief from judgment, he seeks relief under Rule 60(b)(5).  Mot. for Relief from J. 1, ECF No. 400.  Both motions concern the Court's denial (ECF Nos. 385, 391) of his motion to correct illegal sentence (ECF No. 361) and motion to enforce judgment (ECF No. 375).  He again argues the Parole Commission and Bureau of Prisons have wrongfully denied him release in violation of §§ 4161, *et seq.*, 4602(d), and *Haines*.  Mot. to Alter J. 1-3; Mot. to Enforce J. 1-4.

Under Rule 59(e), a party may move to alter or amend a judgment.  "The only grounds for granting [a Rule 59(e)] motion are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam) (internal quotations and citation omitted).  Parties, however, "cannot use a Rule 59(e)

4

motion to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005) (citations omitted). "This prohibition includes new arguments that were previously available, but not pressed." *Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 957 (11th Cir. 2009) (internal quotations and citation omitted).

Under Rule 60(b)(5), a party may seek relief where a "judgment has been satisfied, released, or discharged; it has been based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable." "Rule 60(b)(5) does not apply in federal habeas proceedings, at least the typical ones where the judgment is an unconditional denial of habeas relief with no injunctive relief." *Griffin v. Sec'y, Fla. Dep't of Corr.*, 787 F.3d 1086, 1090 (11th Cir. 2015).

Even assuming Petitioner's motions are cognizable under Rules 59(e) and 60(b), he is not entitled to relief. Petitioner simply repeats the arguments he previously raised in his motion to correct illegal sentence (ECF No. 361) and motion for relief from judgment (ECF No. 375). Mot. to Alter J. 1-5; Mot. for Relief from J. 1-4; Mot. to Correct Illegal Sent. 1-5; Mot. to Enforce J. 1-5. The Court has already considered these arguments and explained that to the extent Petitioner may seek relief under §§ 4161, *et seq.*, and 4602, this Court lacks jurisdiction. Order & R. 7-16, Aug. 6, 2020, ECF No. 385.

First, his claims are not cognizable under former Federal Rule of Criminal Procedure 35(a) because he challenges the manner in which his sentence is being executed—not that his sentence was illegal when it was imposed. *Id.* at 8-11 (citing *Hill v. United States*, 368 U.S. 424, 430 (1962); *Heflin v. United States*, 358 U.S. 415, 418

(1959); *United States v. Morgan*, 346 U.S. 502, 506 (1954); *United States v. Griffin*, 162

F. App'x 935, 937 (11th Cir. 2006)).  Second, his claims are not cognizable under § 2255

because he challenges the Bureau of Prisons and Parole Commission's execution of his

sentence—not his original conviction or sentence.[1]  *Id.* at 11-13 (citing *United States v.*

*Addonizio*, 442 U.S. 178, 179 (1979); *Hajduk v. United States*, 764 F.2d 795, 796 (11th

Cir. 1985) (per curiam); *United States v. Plain*, 748 F.2d 620, 621 (11th Cir. 1984)).

Rather, because Petitioner challenges the legality of the Bureau of Prisons and

Parole Commission's actions and not the legality of his sentence, his action "must be

brought as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241." *Hajduk*, 764

F.2d at 796; *Antonelli v. Warden, U.S.P. Atlanta*, 542 F.3d 1348, 1352 (11th Cir. 2008)

("A § 2241 action is the appropriate vehicle to challenge a decision of the federal Parole

Commission." (citing *Hajduk*, 764 F.2d at 796)).  Petitioner is incarcerated at the United

States Penitentiary, Beaumont within the jurisdiction of the Eastern District of Texas for

the purpose of habeas relief pursuant to § 2241.  The Court, therefore, lacks jurisdiction.

28 U.S.C. § 2241(a); *United States v. Saldana*, 273 F. App'x 845, 846-47 (11th Cir. 2008)

(per curiam) ("Only a court inside the district where the prisoner is confined has

jurisdiction to grant relief pursuant to a § 2241 petition." (citing *Ledesma v. United States*,

445 F.2d 1323, 1324 (5th Cir. 1971) (per curiam) ("[T]he relief sought is in the nature of a

writ of habeas corpus under [§] 2241.  As such, this Court is without jurisdiction, since the

---

[1]   To the extent Petitioner's claims could be cognizable under § 2255, the Court also lacks
jurisdiction because he challenges his original criminal judgment, but he has not received
authorization from the Eleventh Circuit to file a second or successive motion to vacate.  *United
States v. Holt*, 417 F.3d 1172, 1175 (11th Cir. 2005) (per curiam).

petitioner is not confined in this District."))).  Petitioner fails to show that he is entitled to relief under either Rule 59(e) or Rule 60(b)(5).  The Court **RECOMMENDS** that Petitioner's motion to alter judgment (ECF No. 396) and motion for relief from judgment (ECF No. 400) be **DENIED**.

## CERTIFICATE OF APPEALABILITY

Rule 11(a) of Rules Governing Section 2255 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  A certificate of appealability may issue only if the applicant makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  If a court denies a collateral motion on the merits, this standard requires a petitioner to demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  When a court denies a collateral motion on procedural grounds, this standard requires a petitioner to demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.* at 478.  Petitioner cannot meet either of these standards. Therefore, a certificate of appealability in this case should be denied to the extent his motion could be construed as motion pursuant to 28 U.S.C. § 2255.

## CONCLUSION

For the foregoing reasons, the Court recommends that Petitioner's motion to alter judgment (ECF No. 396) and motion for relief from judgment (ECF No. 400) be denied.

His motion to appoint counsel (ECF No. 397) and amended motion to appoint counsel (ECF No. 398) are denied.  A certificate of appealability should be denied.  Pursuant to 28 U.S.C. § 636(b)(1), Petitioner may serve and file written objections to this Recommendation, or seek an extension of time to file objections, within fourteen (14) days after being served with a copy hereof.  The district judge shall make a *de novo* determination of those portions of the Recommendation to which objection is made.  All other portions of the Recommendation may be reviewed for clear error.

Petitioner is hereby notified that, pursuant to Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object.  In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice."

**SO ORDERED and RECOMMENDED**, this 16th day of August, 2020.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE